### MARYLAND CASUALTY CO. v. GOTTSCHE.

Circuit Court of Appeals, Fifth Circuit.
April 15, 1927.

No. 4967.

Highways ⬤113(5)—Surety on highway contractor's bond held liable for food furnished for animals used in doing grading work (Laws Miss. 1918, c. 217).

Surety on highway contractor's bond, conditioned that principal "shall pay * * * all persons furnishing said principal with material and labor in the course of the performance of said work," *held* liable under law of Mississippi for food furnished for animals used in doing grading work, which liability was enforceable by persons supplying contractor under Laws Miss. 1918, c. 217.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by A. C. Gottsche against the Maryland Casualty Company. Decree for plaintiff, and defendant appeals. Affirmed.

Wm. H. Watkins, of Jackson, Miss. (Watkins, Watkins & Eager, all of Jackson, Miss., on the brief), for appellant.

Miss E. S. Babendreer, of Ocean Springs, Miss., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By the decree in this case the surety on a bond given by one who contracted with Jackson county, Mississippi, to construct a highway in that county, was held liable for the price or value of animal food sold to the contractor and used by him as food for animals used in doing grading work on the highway which was the subject of that contract. Included in the condition of the bond was the provision that the principal "shall ·pay * * * all persons furnishing said principal with material and labor in the course of the performance of said work."

Under a Mississippi statute such a bond is enforceable for the benefit of persons supplying to the contractor labor or material for the work contracted for. Laws Miss. 1918, c. 217. Decisions of the Supreme Court of Mississippi are to the effect that the surety on such a bond is liable for the feed for the mules and the coal, gasoline, and oil used by the contractor in operating machinery to perform such contract. McElrath & Rogers et al. v. W. G. Kimmons & Sons et al. (Miss.) 112 So. 164; Standard Oil Co. v. National Surety Co. (Miss.) 107 So. 559. The above-mentioned ruling was in accord with the decisions cited, and was not erroneous.

The decree is affirmed.

---

### PHILLIPS v. BIDDLE, Warden, etc.

Circuit Court of Appeals, Eighth Circuit.
April 19, 1927.

No. 7183.

Appeal from the District Court of the United States for the District of Kansas.

On petition for rehearing. Order amended.

For former opinion, see 15 F.(2d) 40.

Before STONE, KENYON, and BOOTH, Circuit Judges.

PER CURIAM. The petition for rehearing in this cause having been considered, and it being made to appear to the satisfaction of the court that appellant has now served eight years of the sentence imposed upon him, less allowance for good behavior, the order of this court heretofore entered is hereby amended to read as follows:

The order of the District Court is modified, so that it shall direct the warden of the penitentiary at Leavenworth to release appellant within 30 days after receipt of a copy of the order, and that the warden shall give 15 days' written notice to the United States attorney for the Southern district of Iowa of the exact date and time when such release will be made; the release to be without prejudice to the United States taking such steps as it may lawfully take in the premises.